CONDON WRAPPING MACHINE COMPANY, INC., Appellant, *v.* JOHN W. DEARBORN, Respondent.

First Department, January 18, 1918.

**Attachment — validity of attachment against non-resident — effect of procurement of consummation of contract within this State.**

The mere procurement by the father of the plaintiff's president, without deceit or trickery, of the consummation of a contract in this State and the payment here of money to the defendant, a non-resident, does not prevent the plaintiff from attaching such money upon a claim against the defendant, where no representation was made to him, express or implied, that he would be free to remove the money received from the State, or that it would not be subject to any legal claims.

CLARKE, P. J., dissented.

APPEAL by the plaintiff, Condon Wrapping Machine Company, Inc., from an order of the Supreme Court, made at

the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of August, 1917, vacating an attachment.

*Edwin N. Moore* of counsel [*Griggs, Baldwin & Baldwin,* attorneys], for the appellant.

*R. Hunter McQuistion,* for the respondent.

SMITH, J.:

The defendant is a resident of Connecticut. The attachment was obtained in this State upon that ground. He was the owner of a patent and also of some drawings in which one Thomas F. Condon was interested.

From the defendant's affidavit it appears that on the 21st day of April, 1917, the said Thomas F. Condon and the defendant made an agreement in which it was agreed that Condon was to pay to the defendant $1,000 for the said patent and the said drawings. At that time no claim was made by Condon against the defendant that anything should be deducted therefrom. It seems that they had prior negotiations upon patents and drawings and it is claimed that either Condon or this plaintiff paid to some patent attorneys in New York city the sum of $752.25. This, it is claimed, was paid in behalf of the defendant and is the claim on which this property has been attached.

After the agreement specified, Condon wrote a letter to the defendant on April 27, 1917, containing the following: " As I understand, you are to send me a complete set of blue prints of the machines sent to the Postum Cereal Company recently and to give me an outright assignment of the patent, No. 1158186, and all claims arising under it, the consideration of which is to be $1,000."

Upon May seventh Condon wrote to Dearborn that he would send him a check in settlement as soon as Dearborn sent him an executed assignment and a set of the blue prints. Upon May ninth the defendant wrote to Condon in answer to the letter of the seventh asking as to certain information as to what tracings and sketchings he meant, and stated: " Upon receipt of this information and your check, I will

send you the drawings and assignment papers, *or, if you prefer, I will arrange to deliver them to you.*"

Upon May tenth Condon wrote to the defendant that he desired all tracings and pencil sketches, etc., and further: " Just as soon as the above mentioned drawings, etc., together with the signed assignment is delivered, I will be glad to make settlement with you."

Thereafter the defendant wrote to Condon, under date of May sixteenth, that he was forwarding the patent and papers to defendant's attorney. The papers were sent to an attorney in New York city with directions to deliver them to Condon upon the receipt of the $1,000. He did deliver them to Condon and received the $1,000 and promptly thereafter this attachment was served in this action by the Condon Wrapping Machine Company, this plaintiff, upon the $1,000 in the hands of the attorney.

Upon motion the court set aside this attachment upon the ground that Thomas F. Condon was in collusion with the Condon Wrapping Machine Company, of which his son was president, and induced the defendant to make delivery of his patents and receive the moneys in this State in order that the moneys might be here attached in an action to recover this sum of $752.25 from the defendant. From this order the plaintiff here appeals.

It is undoubtedly true that if property were procured to be brought within the State by the trickery or device of another for the purpose of placing an attachment thereon, the attachment would be vacated. I think that it may be fairly assumed that Thomas F. Condon intended if the property were delivered to him in this State and the moneys paid herein, to attach these moneys to recover this $752.25. I am unable to find, however, that he used any artifice or deception to procure the defendant to consummate the sale within this State.

In the letter of May ninth the defendant writes to the plaintiff that upon the receipt of the information asked for and Condon's check, he would send the drawings and assignment papers, " or, if you prefer, I will arrange to deliver them to you." In the letter of May tenth, which is in answer to it, Condon answers, as soon as the papers are delivered, that he will be glad to make settlement. I have

here recited all the correspondence passing between the parties prior to the sending of papers here for transfer and it would be going a step further than the cases have yet gone to hold that the mere procurement without deceit or trickery of consummation of the contract in New York State prevented the party from attaching the same upon a claim against a defendant residing in a different State. All the cases cited by the respondent, or by the judge at Special Term, are cases where the party had been tricked into the State by the *pretense* of a purpose which was not real.

In the case at bar, if we assume that the defendant was induced to bring his patent into the State for delivery here, it was for the purpose of getting the $1,000, which his agent in fact received. There was no representation, express or implied, that he should be free to remove that money from the State, or that it would not be subject to any legal claims that might be made against the same. In my judgment the attachment was valid and was improperly vacated, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAUGHLIN, SCOTT and DOWLING, JJ., concurred; CLARKE, P. J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and attachment reinstated.