Aron Steuer, J.
Defendant is a manufacturer of shoes and is located in Italy. Plaintiff is a closed corporation with two equal stockholders. Plaintiff had a contract for an exclusive agency for the sale of a certain type of shoe manufactured by defendant. One of the two stockholders of plaintiff and one of its salesmen attempted to get the business resulting from this agency for themselves and in this attempt defendant committed several breaches of the contract. This resulted in a conference between the parties in which defendant retracted statements it had made in regard to the contract and suggested continuation of the contract with exchange of releases. Plaintiff refused to exchange releases and affirmed its intention to sue for the various breaches. It pointed out that it had a large inventory of shoes manufactured by defendant and in view of what had happened it needed a six-month extension of the exclusive sales rights to dispose of them. This was granted. Plaintiff also agreed to purchase additional shoes. Theretofore plaintiff had paid cash for deliveries except as to the last received. It now paid for these. As to the new deliveries it agreed to give a note secured by assignments of all invoices resulting from plaintiff’s sales of these shoes to its customers. The proceeds of these invoices were to be deposited in a special account in plaintiff’s name, on which account defendant’s attorney acting as trustee had the sole right to draw. It was agreed that he was to devote the deposits to paying defendant’s bill and the balance was payable to plaintiff.
When the first invoices issued by plaintiff were paid and deposited in the account plaintiff attached the same in an action to recover for the breach. These are not the ultimate facts as they might be found on a trial, but are the allegations of plaintiff’s affidavits in support of the attachment.
Defendant moves to vacate the attachment on several grounds. Of these two are worthy of mention. The first is that these facts do not constitute a cause of action. This is based upon the contention that all breaches were waived. Contracts do not terminate on breach but are, in some instances, terminable. If the aggrieved party indicates that he does not elect to continue to perform the contract ends. If he does so elect he may either *662 waive the breach or insist on it. Which he does is a matter of expressed intent. On this application plaintiff is not required to establish his case but merely to make a verified statement of it. He has.
Defendant further claims that the accounts attached were the proceeds of property that plaintiff by device lured into the jurisdiction. If this is shown that is ground for vacating the attachment. (Condon Wrapping Mach. Co. v. Dearborn, 181 App. Div. 311.) Undoubtedly, if title in the shoes was in the defendant when they reached this State and instead of accepting them plaintiff attached them, the attachment could not stand. This was not the case. The first property resulting from this transaction to which defendant was entitled was the proceeds of the sale of the shoes. This was attached. Nothing occurred between the arrangement whereby these funds came into existence and the attachment that gave rise to any cause of action. Of course it could not be said that the goods were lured into the jurisdiction unless plaintiff had conceived the idea of attachment prior to effecting the arrangement. But plaintiff does not deny what seems probable, that it foresaw this eventuality. In fact it does not justify its conduct except on the ground that defendant was warned by its refusal to exchange releases that suit might be brought. This is no equivalent. The warning of a possibility of suit does not mean that a party intends to attach property to be brought into the jurisdiction to enable both parties to perform a contract or even to mitigate damages.
Motion to vacate is granted.